THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAELENE M. EXTER | : |
| | : |
| Plaintiff | : |
| v. | : 3:11-CV-01365 |
| | : (JUDGE MARIANI) |
| WILKES-BARRE HOSPITAL COMPANY, LLC, | : |
| | : |
| Defendant | : |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff Michaelene Exter filed a six-count Complaint against Wyoming Valley Hospital Company, LLC for violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 951 *et seq.* ("PHRA"). (Doc. 1). Plaintiff filed an Amended Complaint on September 1, 2011 substituting Wilkes-Barre Hospital Company, LLC, as the Defendant. (Doc. 3). Before the Court is Defendant's Motion to Dismiss Counts III-VI of the Amended Complaint ("Am. Compl.") for failure to state a claim upon which relief may be granted. For the reasons set forth below, the Court will deny without prejudice Defendant's motion.

This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b).

## II. Statement of Facts

Plaintiff was diagnosed with Depression in or around 1996 and Anxiety and Panic Disorder in or around 2001. (Am. Compl., at ¶ 8). On June 17, 2007, the Plaintiff was hired as an Administrative Supervisor by Defendant. (*Id.* at ¶¶ 10-11). Plaintiff alleges that her conditions interfere with her ability to function in caring for herself, concentrating, and relating to others. (*Id.* at ¶ 9). As a result, her physician recommended that she request intermittent Family Medical Leave during difficult times from her illness. (*Id.* at ¶ 13). She requested and was granted leave for June 22, 2009 to July 24, 2009. (*Id.* at ¶ 25). Plaintiff alleges that Defendant criticized her and took disciplinary action against her because she requested leave. (*Id. at* ¶ 16). Though difficulties with "inaccurate staffing assignments was [*sic*] common to all Administrative Supervisors," Plaintiff claims she was the only employee placed on an Improvement Action Plan. (*Id.* at ¶¶ 18-19, 24). On July 22, 2009, Plaintiff contacted her employer to arrange plans for her return. (*Id.* at ¶ 26). However, her employers scheduled a meeting for July 27, 2009, and terminated her employment at that meeting. (*Id.* at ¶¶ 26-28).

Thereafter, Plaintiff brought suit against Wyoming Valley Hospital Company. On September 1, 2011, Plaintiff filed an Amended Complaint asserting that Defendant's action violated her rights under the FMLA, ADA, and PHRA. Claiming disability discrimination and retaliation, Plaintiff seeks (1) a declaratory judgment that Defendant violated her rights, (2) reinstatement, or in the alternative, an award of front pay damages, (3) damages for lost

income, (4) damages for emotional distress, (5) punitive damages as a deterrent to similar future behavior by the Defendant, and (6) reasonable attorney fees and costs.

Defendant moved to dismiss Plaintiff's ADA and PHRA claims because Plaintiff failed to allege in her Amended Complaint actions she took to properly exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). (Doc. 8-2, at 5). In response, Plaintiff claimed that Defendant was fully aware that she exhausted her administrative remedies, and therefore, that particular pleading was unnecessary. (Doc. 9, at 2).

### III. Standard of Review on Motions to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts, as asserted, establish a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950. Thus, a complaint must "show" an entitlement to relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *see also McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## IV. Analysis

### A. Motion to Dismiss for Failure to Allege Exhaustion of Administrative Remedies

Before a Title VII claim may be brought in federal court, a plaintiff is required to not only file the claim with the EEOC, but also receive notice from the EEOC (usually through the issuance of a right-to-sue letter) that agency remedies have been exhausted. 42 U.S.C. § 2000e-5(e)(1);10); *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 655 (3d Cir. 2011).

The ADA adopted the enforcement scheme and remedies of Title VII, including the requirement that a plaintiff exhaust her administrative remedies. 42 U.S.C. § 12117(a); *Williams v. E. Orange Cmty. Charter Sch.*, 395 F. App'x 895, 897 (3d Cir. 2010). In addition, a plaintiff must exhaust her administrative remedies under the PHRA before she may file suit in federal court. 43 PA. CONS. STAT. § 995(a); *Burgh v. Borough Council of Borough of Montrose*, 251 F. 3d 465, 475-76 (3d Cir. 2001) (noting that no right-to-sue letter is required, and a plaintiff may proceed to court one full year after filing a charge with the PHRC).

Administrative exhaustion is required to "put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009) (internal citations omitted). Failure to exhaust administrative remedies is grounds to dismiss a claim under FED. R. CIV. P. 12(b)(6). *Devine*, 406 F. App'x, at 656.

Though such notice is a prerequisite to filing suit, Plaintiff contends that Defendant was fully aware of the actions taken by Plaintiff before she filed her initial Complaint. In her Brief in Opposition to the Motion to Dismiss (Doc. 9), Plaintiff contends that Defendant had actual notice of the right-to-sue letter in that Plaintiff forwarded the letter to the counsel for Defendant. However, whether or not Defendant had actual notice, Plaintiff must still allege exhaustion of administrative remedies so the Court has sufficient information to know whether to allow the case to proceed. Though the Amended Complaint itself is devoid of

any proof or averment that she exhausted her administrative remedies, Plaintiff has provided evidence that she did so by attaching the EEOC notice of her right to sue and Defendant's answer to her PHRA charge. (Doc. 9, Exs. A, B).

Under Federal Rules of Civil Procedure Rule 15, a party may amend its pleading once as a matter of course. However, FED. R. CIV. P. 15(a)(2) states that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Rule further states that the court should freely give leave when justice so requires." Furthermore, "d[ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004). Dismissal of these claims is not warranted at this time because amendment would not be futile. Because Plaintiff has requested leave and provided evidence she did indeed exhaust her administrative remedies, the Court will grant Plaintiff leave to file a Second Amended Complaint.

## V. Conclusion

The Court denies without prejudice Defendant's motion to dismiss Counts III through Count VI concerning Defendant's alleged violations of the ADA and PHRA. Furthermore, the Court grants leave to the Plaintiff to file a Second Amended Complaint to fulfill the pleading requirements of her ADA and PHRA claims. A separate order follows.

Robert D. Mariani
United States District Judge

6